IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS WOOD,<br><br>        Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Civil No. 1:07-CV-00081-DB<br><br>ORDER<br><br>Honorable Dee Benson |

      Plaintiff Douglas Wood appeals a decision of the Commissioner of Social Security denying his applications for disability insurance benefits. After considering the evidence of record, the briefs of the parties and oral argument, and the relevant law, the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

## BACKGROUND

      The final decision of the Commissioner in this matter was issued by an administrative law judge ("ALJ") in July 2006 (Tr. 11-37). The ALJ found that Plaintiff had severe impairments, but nonetheless could perform several unskilled, light jobs that existed in significant number in the national economy (Tr. 36). The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act, and denied his applications for benefits. When the Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision, that decision became the Commissioner's final decision for purposes of judicial

review.  *See* 20 C.F.R. § 404.981 (2006).  Plaintiff filed this action seeking review of the ALJ's decision on June 11, 2007 (Doc. No. 1).

## STANDARD OF REVIEW

The Court reviews the Commissioner's decision to "determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  The findings of the Commissioner, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. 405(g) (2005).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2003); *see also Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).  "'Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.'"  *Grogan*, 399 F.3d at 1261-1262 (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)).

In conducting its review, a court must "examine the record closely to determine whether substantial evidence supports" the Commissioner's decision.  *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).  However, a court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001 (citation omitted).

The Court's review also extends to determining whether the Commissioner applied the correct legal standards.  *See Qualls*, 206 F.3d at 1371.  Reversal may be appropriate where the

Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards.  *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993); *Andrae v. Secr'y of Health and Human Servs.*, 985 F.2d 1045, 11047 (10th Cir. 1993).

## ANALYSIS

Plaintiff raised several issues on appeal: (1) the ALJ erred in evaluating the opinions of Plaintiff's physician; (2) the ALJ erred in finding that Plaintiff's testimony was not fully credible; (3) the ALJ erred in rejecting lay witness testimony; and (4) the ALJ erred in concluding that Plaintiff could perform unskilled, light work available in significant numbers in the national economy.

### A. Whether the ALJ Properly Evaluated the Opinions of Plaintiff's Physician.

Plaintiff argues that the ALJ erred in her evaluation of the opinions of Plaintiff's physician, Dr. Bedell.  The court finds that substantial evidence in the record supports the ALJ's finding that Dr. Bedell's opinions were not well supported by medically acceptable clinical and laboratory techniques and were inconsistent with other substantial evidence in the record. *Hackett v. Barnhart*, 395 F.3d 1168, 1174 (10th Cir. 2005) (holding substantial evidence in the record supports the ALJ's decision to accord less than controlling weight to the treating physician's opinions).  First, Dr. Bedell concluded that Plaintiff had a 25% psychiatric impairment, yet he had no expertise in psychiatry.  Second, Dr. Bedell's opinions were not supported by any diagnostic tests or his treatment notes, which indicated that Plaintiff's condition was continually unchanged.  Third, Dr. Bedell opined that Plaintiff was totally

disabled yet agreed with an earlier physical impairment rating of only 21%.  As required by the Tenth Circuit, the ALJ stated specific and legitimate reasons for the weight accorded Dr. Bedell's opinions.  *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994).  The Court finds that substantial evidence supports the ALJ's decision that Dr. Bedell's opinions were not entitled to controlling weight.

**B.     Whether The ALJ Properly Found Plaintiff's Testimony Not Fully Credible.**

Plaintiff argues that the ALJ's finding that he was not fully credible was not supported by substantial evidence.  The Court finds that the ALJ properly considered medical and non-medical evidence in assessing the credibility of Plaintiff's claim that his impairments caused symptoms so severe as to preclude him from performing any work.  *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000); *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *see also* SSR 96-7p.  The ALJ considered that Plaintiff was fired from his past work because he was unstable and a danger to himself and others, not because of a physical impairment.  The ALJ also found that Plaintiff's claims of disabling pain and limitations were not entirely credible in light of the objective medical evidence and the fact that Plaintiff had previously returned to work after back surgeries.  *See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

In this case, the ALJ provided specific reasons, which are supported by the record, for disbelieving Plaintiff's claim of disabling symptoms.  As the ALJ explained the basis for her credibility finding, and that finding is supported by the record, the ALJ's credibility finding will not be disturbed on review.  *See White*, 287 F.3d at 909 (holding that the court may not reweigh the evidence and substitute its judgment for the ALJ's); *Winfrey v. Chater*, 92 F.3d 1017, 1020

(10th Cir. 1996) (holding that credibility determinations, peculiarly the province of the fact finder, will not be upset when supported by substantial evidence).

### C. Whether The ALJ Properly Considered Lay Testimony.

Plaintiff argues that the ALJ did not properly consider the lay testimony offered by Plaintiff. However, in assessing Plaintiff's credibility, the ALJ considered the written statements from Plaintiff's sister and her husband, and from an acquaintance of Plaintiff's (Tr. 68-69, 123-24). The ALJ also accepted Plaintiff's profer at the hearings that the lay witness testimony would corroborate Plaintiff's testimony (Tr. 953-54; 975). That was all that she was required to do. *See Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996).

### D. Whether the ALJ Properly Relied on Vocational Expert Testimony in Concluding That Plaintiff Could Perform Jobs That Exist in Significant Numbers in the National Economy.

Finally, Plaintiff argues that remand is required because the ALJ's hypothetical to the vocational expert did not include all of the limitations placed on him by Dr. Bedell. The ALJ's assessment of Plaintiff's residual functional capacity is supported by the conclusions of the State agency medical reviewers. The ALJ is entitled to rely on the opinions of the State agency physicians. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). Second, because the ALJ had properly determined that Dr. Bedell's opinions were not entitled to controlling weight, they could not provide the basis for establishing that Plaintiff's impairments were of disabling severity. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995); *Castellano*, 26 F.3d at 1029. Therefore, the ALJ properly concluded, based on the vocational expert's testimony, that Plaintiff could perform work available in significant numbers in the national economy.

## CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that the Commissioner's decision denying Plaintiff's applications for disability insurance benefits is AFFIRMED.

DATED this 21st day of July, 2008.

BY THE COURT:

_____
Dee Benson
United States District Judge